**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**BRISTOL MYERS SQUIBB COMPANY,**                                          **PLAINTIFF**

**v.**                                          **CASE NO. 4:26-CV-00618-LPR**

**DEBBIE MACK, RODNEY RICHMOND, LENORA
NEWSOME, CLINT BOONE, LYN FRUCHEY,
BRIAN JOLLY, HAROLD H. SIMPSON, and BETH
ANN DAVENPORT, in their official capacities as
members of the Arkansas State Board of Pharmacy,**                  **DEFENDANTS**

**DEFENDANTS' MOTION TO DISMISS**

Defendants, in their official capacities as members of the Arkansas State Board of Pharmacy

("Board"), for their motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), state:

1.      Arkansas enacted Act 630 of 2025 on April 16, 2025.  Act 630 became effective on

August 5, 2025, and the manufacturer compliance requirements relevant here were scheduled to

begin on September 1, 2026.

2.      On May 17, 2026, in a separate case, this Court preliminarily enjoined Defendants

from enforcing Act 630 against Novartis Pharmaceuticals Corporation.  *See Novartis Pharm. Corp.

v. Griffin*, No. 4:25-cv-00633-LPR, 2026 WL 1382468 (E.D. Ark. May 17, 2026).

3.      Challenging the constitutionality of Act 630, Bristol Myers Squibb Company

("BMS") sued and moved for a preliminary injunction more than 14 months after Act 630's

enactment and more than a month after this Court's *Novartis* decision.

4.      This Court, however, does not even need to reach BMS's preliminary-injunction

request because its claims are moot.  Following this Court's *Novartis* decision, the Board formally

and unanimously authorized a settlement framework for entities challenging Act 630, and resolved

1

to take no action to enforce Act 630 against *any* entity—including entities that do not enter into a settlement agreement.  Those intervening actions eliminate any live controversy regarding Act 630. *See Whitfield v. Thurston*, 3 F.4th 1045, 1047 (8th Cir. 2021) (explaining that "[u]nder Article III of the Constitution, [courts] may adjudicate only actual, ongoing cases or controversies," and "[w]hen the issues presented in a case are no longer live, the case is moot").

5.    A brief is being filed contemporaneously with this motion and is incorporated by reference.

WHEREFORE, Defendants respectfully request that the Court dismiss BMS's complaint for lack of subject-matter jurisdiction.

Respectfully submitted,

By:    /s/ Jordan Broyles
        Jordan Broyles, Ark. Bar No. 2015156
        Senior Assistant Attorney General

        Office of the Arkansas Attorney General
        Bob R. Brooks Jr. Justice Building
        101 West Capitol Avenue
        Little Rock, AR 72201
        (501) 301-0169, (501) 682-2591 fax
        Jordan.Broyles@arkansasag.gov

        *Counsel for Defendants*