**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | |
|---|---|
| BRISTOL MYERS SQUIBB COMPANY, <br><br> *Plaintiff*, <br><br> v. <br><br> DEBBIE MACK, *et al.*, <br><br> *Defendants.* | Civil Action No. 4:26-cv-618-LPR |

**PLAINTIFF BRISTOL MYERS SQUIBB COMPANY'S NOTICE OF
WITHDRAWAL OF MOTION FOR PRELIMINARY INJUNCTION,
<u>AND CONSENT MOTION FOR EXTENSION OF TIME</u>**

Pursuant to Local Rule 7.2(b), Plaintiff Bristol Myers Squibb Company ("BMS") respectfully requests that this Court grant a seven-day extension of its deadline to file an opposition to Defendants' Motion to Dismiss (ECF No. 27). Defendants consent to this seven-day extension request. BMS also withdraws its motion for a preliminary injunction (ECF No. 13) in light of the cross-motion for summary judgment that BMS will file in combination with its opposition to Defendants' Motion to Dismiss.

In support of this motion, BMS states the following:

1.      On June 23, 2026, BMS filed this suit, which challenges the constitutionality of Arkansas Act 630 of 2025. *See* ECF No. 1.

2.      On June 26, 2026, BMS moved for preliminary injunction, seeking to enjoin the members of the Arkansas State Board of Pharmacy, in their official capacities, from enforcing Act 630. *See* ECF No. 13. Among others, this motion asserts a claim based on the Court's decision in

1

*Novartis Pharmaceuticals Corp. v. Griffin*, No. 4:25-cv-633-LPR, 2026 WL 1382468 (E.D. Ark. May 17, 2026).

3.       Defendants' response to BMS's preliminary injunction motion was initially due July 10, 2026, but the State sought—and BMS did not oppose—multiple extensions of that deadline.  *See* ECF Nos. 18, 21, 25.

4.       On July 28, 2026, the Arkansas State Board of Pharmacy unilaterally adopted a resolution stating that the Board "will not take any action to enforce Act 630 of 2025 against any entity" "in light of" the *Novartis* order.  *See* Arkansas State Board of Pharmacy, *PharmBd July 28th 2026 Informal Conference Review - PM*, at 46:02–46:10 (YouTube, July 28, 2026), https://tinyurl.com/4enc44rh ("July Board Meeting"); *see also* John Clay Kirtley, *Memorandum RE: Board Action on Act 630 of 2025* (July 31, 2026), https://perma.cc/9L39-DW4N (explaining that the Board "passed a motion to take no enforcement action in light of a recent court opinion," with no further action "at this time").  The resolution adds that the Board took this action based on a "desire … to abide by the United States Constitution."  *See* July Board Meeting at 46:30–46:39.

5.       On August 3, 2026, Defendants moved to dismiss under Rule 12(b)(1), arguing that the Board's unilateral nonenforcement policy moots BMS's claims.  *See* ECF Nos. 27 & 28. Defendants also opposed BMS's motion for a preliminary injunction, principally arguing that the Board's nonenforcement policy negates the risk of imminent irreparable harm.

6.       BMS's opposition to the motion to dismiss is currently due August 17, 2026.  *See* Local Rule 7.2(b).

7.       Given the Board's current nonenforcement policy, BMS withdraws its motion for a preliminary injunction.  *See* ECF No. 13.  BMS does so without prejudice, reserving its rights to

2

seek a temporary restraining order or preliminary injunction if the Board again changes its policy and resumes enforcement of the Act.

8. BMS does not believe, however, that the unilateral, voluntary, and inherently malleable nature of Defendants' current suspension of enforcement moots BMS's claims. Accordingly, BMS will oppose Defendants' motion to dismiss and simultaneously cross-move for summary judgment given the absence of any disputed material fact and Defendants' acquiescence in the Court's *Novartis* decision.

9. This all said, however, the press of business in other matters (including oral argument in *KalshiEX LLC v. Bird*, No. 4:26-cv-109 (S.D. Iowa), on August 7, 2026) and prescheduled travel will make it challenging for BMS's counsel to meet the original deadline to file its opposition to Defendants' Motion to Dismiss on August 17, 2026.

10. As such, BMS respectfully requests that the Court grant a seven-day extension of this deadline to and including August 24, 2026. This is BMS's first request for an extension of time, and a seven-day extension is comparable to extensions previously granted to Defendants in this matter.

11. Counsel for BMS has also conferred with Defendants' counsel and is authorized to state that Defendants consent to BMS's request for a seven-day extension of time.

## CONCLUSION

For the foregoing reasons, BMS respectfully requests that the Court grant a seven-day extension of its deadline to file an opposition to Defendants' Motion to Dismiss (ECF No. 27).

Respectfully submitted,

John E. Tull III, Ark. Bar No. 84150
R. Ryan Younger, Ark. Bar No. 2008209
E. Jonathan Mader, Ark. Bar No. 2020180
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
jtull@qgtlaw.com
ryounger@qgtlaw.com
jmader@qgtlaw.com

Kevin F. King*
Kuntal V. Cholera*
MaKade C. Claypool*
Noah C. Zimmermann*
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
kking@cov.com
kcholera@cov.com
mclaypool@cov.com
nzimmermann@cov.com

*Counsel for Plaintiff*
*Bristol Myers Squibb Company*

*\*Admitted pro hac vice*

August 7, 2026