**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| BRISTOL MYERS SQUIBB COMPANY,<br>*Plaintiff*,<br>v.<br>DEBBIE MACK, *et al.*,<br>*Defendants.* | Civil Action No. 4:26-cv-00618-LPR |

**PLAINTIFF BRISTOL MYERS SQUIBB COMPANY'S**
**CROSS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Plaintiff Bristol Myers Squibb Company (BMS) respectfully cross-moves the Court to enter summary judgment in its favor and issue appropriate declaratory and injunctive relief. In support of this motion, and as further discussed in the accompanying combined Opposition to Defendants' Motion to Dismiss and Brief in Support of Motion for Summary Judgment, BMS states:

1. Act 630 (formerly H.B. 1531), entitled "An Act to Prohibit Pharmaceutical Manufacturers from Restricting or Limiting Prescription Medications to a Limited Distribution Network of Out-of-State Pharmacies," requires pharmaceutical manufacturers (including BMS) to grant certain Arkansas-based pharmacies special access to their drug distribution networks.

2. This mandate upends BMS's carefully crafted distribution networks in violation of the federal constitution for three reasons, each of which is an independent ground on which to grant summary judgment to BMS.

3. *First*, Act 630 violates Dormant Commerce Clause principles because (1) it discriminates against interstate commerce on its face, by its practical effects, and in its purpose; (2) its burdens on interstate commerce clearly outweigh any purported localized benefits; and (3) it directly regulates wholly out-of-state transactions. *See Novartis Pharmaceuticals Corp. v. Griffin*, 2026 WL 1382468 (E.D. Ark. May 17, 2026).

4. *Second*, Act 630 is preempted by federal law. To start, the Act conflicts with the Federal Food, Drug and Cosmetic Act (FDCA) by forcing BMS to choose between complying with the Act or adhering to Risk Evaluation and Mitigation Strategies (REMS) requirements mandated by the U.S. Food and Drug Administration. Act 630 also obstructs the FDCA's objective of promoting the distribution of effective and safe drugs through a uniform national regulatory scheme. Separately, Act 630 is preempted by federal Medicaid laws, which forbid the Act's provisions that (1) introduce extra-statutory grounds for excluding BMS's products from Arkansas Medicaid coverage and (2) allow the Arkansas Board of Pharmacy (rather than the State's designated Medicaid agency) to make those coverage determinations.

5. *Third*, provisions of Act 630 fail on the alternative ground that they are unconstitutionally vague. While Act 630 unambiguously discriminates in favor of in-state pharmacies and regulates distribution networks and Medicaid eligibility in a manner that conflicts with federal law, several of Act 630's subsidiary provisions "are so grammatically and syntactically incoherent that" they are void for vagueness. *Novartis*, 2026 WL 1382468, at *10 n.137 (raising, but not resolving, this issue). For example, individual factors that govern the Board's application of the Act to particular circumstances are standardless and ripe for arbitrary (and thus unconstitutional) enforcement.

6. As described in the accompanying Statement of Undisputed Material Facts, Act 630 adversely affects BMS in several ways. The Act's provisions require BMS to rework its nationwide distribution networks, including by renegotiating its contracts with out-of-state distributors and by onboarding, certifying, auditing, and monitoring new pharmacies—including pharmacies that lack the certifications necessary to implement FDA-mandated REMS programs that play a critical role in promoting patient safety. Act 630 also subjects BMS to conflicting state and federal laws with significant noncompliance consequences, including daily fines, withheld Medicaid coverage, and FDA enforcement actions.

7. This Court has already granted a preliminary injunction barring enforcement of Act 630 against a different pharmaceutical manufacturer, on the ground that the Act "likely … violates the Dormant Commerce Clause doctrine." *Novartis*, 2026 WL 1382468, at *27. The Board has acquiesced in this conclusion, and both the Board and the Attorney General's office have acknowledged that Act 630 is likely unconstitutional. Given these circumstances, and because BMS has asserted a Commerce Clause claim identical to the one asserted in *Novartis*, the Court should grant summary judgment in BMS's favor for the reasons given in the *Novartis* order.

8. In support of this Motion, BMS submits the following:

a. A separate, short and concise statement of the material facts as to which BMS contends there is no genuine dispute to be tried, as required by Local Rule 56.1(a);

b. A separate, combined Opposition to Defendants' Motion to Dismiss and Brief in Support of Motion for Summary Judgment, as required by Local Rule 7.2(a);

c. A declaration of Justin McCarthy previously submitted along with BMS's since-withdrawn Motion for a Preliminary Injunction, *see* ECF No. 13.1;

d. A declaration of Kevin King with accompanying exhibits:

i. Exhibit A: Arkansas State Board of Pharmacy Website (June 25, 2026);

ii. Exhibit B: Email from Senior Assistant Attorney General Jordan Broyles to Kevin King (July 1, 2026);

iii. Exhibit C: Email from Senior Assistant Attorney General Jordan Broyles to MaKade Claypool (July 27, 2026);

iv. Exhibit D: Board Resolution Regarding Act 630 Settlement Authority (July 28, 2026);

v. Exhibit E: Board Resolution Regarding Act 630 Nonenforcement (July 28, 2026);

vi. Exhibit F: John Clay Kirtley, *Memorandum RE: Board Action on Act 630 of 2025* (July 31, 2026);

vii. Exhibit G: *Arkansas State Board of Pharmacy June 16th 2026 Board Meeting - PM*, YouTube.com (June 16, 2026) (hand-filed under separate cover);

viii. Exhibit H: Arkansas State Board of Pharmacy, *PharmBd July 28th 2026 Informal Conference Review - PM*, YouTube.com (July 28, 2026) (hand-filed under separate cover);

ix. Exhibit I: Testimony of Representative Brandon C. Achor Before the House Insurance and Commerce Committee (Mar. 19, 2025) (hand-filed under separate cover).

9. WHEREFORE, BMS respectfully requests that this Court grant summary judgment in its favor and enter appropriate declaratory and permanent injunctive relief.

Respectfully submitted,

John E. Tull III, Ark. Bar No. 84150
R. Ryan Younger, Ark. Bar No. 2008209
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
jtull@qgtlaw.com
ryounger@qgtlaw.com

Kevin F. King*
Kuntal V. Cholera*
MaKade C. Claypool*
Noah C. Zimmermann*
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
kking@cov.com
kcholera@cov.com
mclaypool@cov.com
nzimmermann@cov.com

*Counsel for Plaintiff*
*Bristol Myers Squibb Company*

August 24, 2026

*Admitted pro hac vice